KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
GIA L. CINCONE (State Bar No. 141668)
RYAN T. BRICKER (State Bar No. 269100)
BEATRICE O'NEIL STRNAD (State Bar No. 327791)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:    (415) 576-0300
Email:          ggilchrist@kilpatricktownsend.com
                    gcincone@kilpatricktownsend.com
                    rbricker@kilpatricktownsend.com
                    bstrnad@kilpatricktownsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEVI STRAUSS & CO., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OVADIA & SONS, INC., a New York Corporation,<br><br>Defendant. | Case No. 21-cv-1085<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND BREACH OF CONTRACT (INJUNCTIVE RELIEF SOUGHT)**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary to stop Defendant Ovadia & Sons, Inc. ("Ovadia") from misusing and trading on Plaintiff Levi Strauss & Co.'s ("LS&Co.") famous trademarks, and its related reputation and goodwill.  Ovadia is selling garments, including shirts and jackets, bearing pocket tab designs that mimic LS&Co.'s iconic Tab trademark.  When LS&Co. addressed this same conduct with Ovadia in 2019, Ovadia promised that it would cease all use of its infringing and dilutive designs.  LS&Co. has found, however, that Ovadia has resumed promoting and selling garments bearing the very pocket tab designs it agreed to stop.  This lawsuit is necessary to stop Ovadia's willful infringement and violation of the parties' agreement.  LS&Co. complains as follows:

**JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

1. Plaintiff LS&Co.'s claims arise under the Trademark Act of 1946 (the Lanham Act),

as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq*.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2. LS&Co. is informed and believes that venue is proper in this Court under 28 U.S.C. § 1391(b) because Ovadia transacts affairs in this district, and because a substantial part of the events giving rise to the claims asserted arose in this district.

3. Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

**PARTIES**

4. LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111.  Operating since approximately the 1850s, LS&Co. is one of the oldest and best known apparel companies in the world.  It manufactures, markets, and sells a variety of apparel, including its traditional LEVI'S® brand products.

5. LS&Co. is informed and believes that defendant Ovadia. is a New York corporation with its principal place of business at 577 Broadway, 2nd Floor New York, New York 10012.

6. Ovadia manufactures, distributes, and/or sells, or has manufactured, distributed, and/or sold apparel, including shirts, jackets and pants, under the brand name Ovadia which are offered for sale and sold throughout the United States, including in this judicial district.  Ovadia has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

7. On August 6, 2019, LS&Co. and Ovadia settled a dispute regarding Ovadia's use of an infringing pocket tab.  Ovadia has violated the terms of its agreement, and has resumed selling apparel, including shirts and jackets, bearing infringing tab designs that infringe LS&Co.'s trademarks.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

**LS&Co.'s Tab Trademark**

8. LS&Co. marks its LEVI'S® brand products with trademarks that are famous around

the world. For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold hundreds of millions of these products all over the world, including throughout the United States and in California. Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for quality products. LS&Co. continuously has used these trademarks, some for well over a century, to distinguish its products.

9. Most of LS&Co.'s trademarks are federally registered; all are in full force and effect, valid and protectable, and exclusively owned by LS&Co. LS&Co. continuously has used each of its trademarks, from the registration date or earlier, until the present and during all time periods relevant to LS&Co.'s claims.

10. Among its marks, LS&Co. owns the famous Tab Device Trademark (the "Tab trademark"), which consists of a textile marker or other material sewn into one of the regular structural seams of the garment. LS&Co. uses the Tab trademark on LEVI'S® jeans, pants, jackets, shirts, and a variety of other clothing products.

11. LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936 when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon in the structural seams of the rear pocket. The purpose of this "tab" was to provide "sight identification" of LS&Co.'s products. Given the distinctiveness of the Tab trademark, Mr. Lucier asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the customer."

12. LS&Co. owns, among others, the following United States and California Registrations for its Tab trademark, attached as Exhibit A. The United States Registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

    a. U.S. Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949);

    b. U.S. Registration No. 1,157,769 (first used as early as September 1,

1936; registered June 16, 1981);

    c.    U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

    d.    U.S. Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

    e.    U.S. Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

    f.    U.S. Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964);

    g.    U.S. Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964);

    h.    U.S. Registration No. 2,726,253 (first used as early as March 7, 1969; registered June 17, 2003); and

    i.    California Registration No. 052312 (first used as early as March 7, 1969; registered June 12, 1974).

13. The Tab trademark is valid and protectable, and exclusively owned by LS&Co. The Tab trademark is famous and recognized around the world and throughout the United States by consumers as signifying authentic, high quality LEVI'S® garments. The Tab trademark became famous prior to Ovadia's conduct that is the subject of this Complaint.

14. Examples of LS&Co.'s use of its Tab trademark on LEVI'S® garments are attached as Exhibit B.

**Ovadia's Infringement of LS&Co.'s Trademarks**

15. Beginning at some time in the past and continuing until the present, (except, potentially, for a period immediately following the parties' settlement, as part of Ovadia's scheme to induce LS&Co.'s reliance on that agreement), Ovadia has manufactured, promoted, and sold garments that infringe and dilute LS&Co.'s trademarks.

16. In particular, Ovadia has manufactured, sourced, marketed, and/or sold shirts and jackets bearing pocket tab devices that are highly similar to LS&Co.'s Tab trademark (hereinafter

"Ovadia Tab") and are likely to confuse consumers about the source of Ovadia's products and/or a relationship between Ovadia and LS&Co. Ovadia began using the Ovadia Tab long after the Tab trademark became famous. Images of examples of Ovadia's products bearing the Ovadia Tab are attached to this Complaint as Exhibit C.

17. LS&Co. challenged Ovadia's use of the Ovadia Tab in 2019. To resolve that dispute, Ovadia and LS&Co. entered into a settlement agreement. Through that agreement, Ovadia promised to cease all promotion, offer, display, and sale of products bearing the Ovadia Tab by a deadline that has now lapsed (among other representations, warranties, and promises). After the deadline for cessation of Ovadia's use of the Ovadia Tab, LS&Co. discovered that Ovadia continued to promote and sell products bearing the Ovadia Tab on the company's website at ovadiany.com. LS&Co. raised the issue with Ovadia's counsel, and was told that the matter had been addressed and the sales had permanently stopped. Ovadia entered into a settlement agreement with LS&Co., and made additional assurances, in order to induce LS&Co.'s reliance on Ovadia's promises, and to discourage LS&Co. from seeking further relief at the time. LS&Co. relied on Ovadia's commitments and promises.

18. Approximately one year after receiving the second promise from Ovadia's counsel, LS&Co. discovered that Ovadia resumed its promotion, offer, display and sale of products bearing the Ovadia Tab on its website and at retailers. Ovadia's resumed conduct has harmed LS&Co., as described in this Complaint. Images showing examples of Ovadia's resumed sales are attached to this Complaint as Exhibit D.

19. LS&Co. is informed and believes that Ovadia has manufactured, marketed, and sold products bearing the Ovadia Tab, and has obtained and continues to profit from these sales.

20. Ovadia's actions have caused and will cause LS&Co. irreparable harm for which money damages and other remedies are inadequate. Unless Ovadia is restrained by this Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and irreparable damage and injury to LS&Co. by, among other things:

  a. Depriving LS&Co. of its statutory rights to use and control use of its trademarks;

      b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

      c.    Causing the public falsely to associate LS&Co. with Ovadia and/or its products, or vice versa;

      d.    Causing incalculable and irreparable damage to LS&Co.'s goodwill and diluting the capacity of its Tab trademark to differentiate LEVI'S® products from others;

      e.    Causing LS&Co. to lose sales of its genuine clothing products; and

      f.    Causing others to believe that the distinctive features of the Tab trademark may be misappropriated for their use.

21.    Accordingly, in addition to other relief sought, LS&Co. is entitled to injunctive relief against Ovadia, its affiliates, licensees, subsidiaries, and all persons acting in concert with it.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

22.    LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

23.    Without LS&Co.'s consent, Ovadia has used, in connection with the sale, offering for sale, distribution, or advertising of its products, designs that infringe upon LS&Co.'s registered Tab trademark.

24.    These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, cause harm to LS&Co. and consumers, and are in violation of 15 U.S.C. § 1114.

25.    As a direct and proximate result of Ovadia's infringing activities, LS&Co. is entitled to recover Ovadia's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. 1117(a).

26.    Ovadia's infringement of LS&Co.'s Tab trademark is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Ovadia's profits, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

27.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

**SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

28. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Ovadia's use of the Ovadia Tab tends falsely to describe its products within the meaning of 15 U.S.C. § 1125(a)(1). Ovadia's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Ovadia's products, to the detriment of LS&Co. and consumers in violation of 15 U.S.C. § 1125(a)(1).

30. As a direct and proximate result of Ovadia's infringing activities, LS&Co. is entitled to recover Ovadia's unlawful profits and LS&Co.'s substantial damages under 15 U.S.C. § 1117(a).

31. Ovadia's infringement of LS&Co.'s Tab trademark is an exceptional case and was intentional, entitling LS&Co. to treble the amount of its damages and Ovadia's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

32. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARKS**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

33. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 32 of this Complaint.

34. LS&Co.'s Tab trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous prior to Ovadia's conduct as alleged in this Complaint.

35. Ovadia's conduct is likely to cause dilution of LS&Co.'s Tab trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

36. LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

///

## FOURTH CLAIM
## CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION
**(Cal. Bus. & Prof. Code §§ 14200 *et seq*.; Cal. Bus. & Prof. Code § 14247)**

37. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38. LS&Co. owns registered and common law rights in its Tab trademark.

39. Ovadia is using the Ovadia Tab, a mark that is identical or nearly identical to the Tab trademark, without the consent of LS&Co. in connection with goods that are identical to LS&Co.'s.

40. LS&Co.'s Tab trademark became famous long before Ovadia began using the Ovadia Tab.

41. Ovadia's use of the Ovadia Tab is likely to cause consumer confusion about the source of Ovadia's goods or about a relationship between LS&Co. and Ovadia, and is likely to dilute LS&Co.'s marks, in violation of California Business & Professions Code §§ 14200 et seq., and California Business & Professions Code § 14247.

42. Ovadia infringed and diluted LS&Co.'s Tab trademark with knowledge and intent to cause confusion, mistake, or deception.

43. Ovadia's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

44. Pursuant to California Business & Professions Code §§ 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Ovadia's profits and three times all damages suffered by LS&Co. by reason of Ovadia's manufacture, use, display, or sale of infringing goods.

## FIFTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
**(Cal. Bus. & Prof. Code § 17200)**

45. LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 44 of this Complaint.

46. Ovadia's conduct constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California

1  Business & Professions Code section 17200.

2      47.    As a consequence of Ovadia's actions, LS&Co. is entitled to injunctive relief
3  preventing the conduct alleged in this Complaint.

### SIXTH CLAIM
### BREACH OF CONTRACT
### (California Law)

6      48.    LS&Co. realleges and incorporates by reference each of the allegations contained in
7  paragraphs 1 through 47 of this Complaint.

8      49.    Through the parties' settlement agreement, Ovadia promised that it had stopped
9  selling products bearing the Ovadia Tab by a deadline that has now passed, in exchange for and to
10 induce LS&Co. from continuing to pursue its claims.

11     50.    As a result of Ovadia's breach of the agreement, LS&Co. suffered damages and, in
12 reliance of Ovadia's promise, declined to seek further relief that otherwise would have stopped
13 Ovadia's ongoing infringement and dilution of LS&Co.'s marks.

14     51.    LS&Co. is entitled to damages caused by Ovadia's breach, an injunction requiring
15 specific performance of Ovadia's promises, as well as other damages due to LS&Co. based on the
16 terms of the parties' prior agreement.

### PRAYER FOR JUDGMENT

18 WHEREFORE, LS&Co. prays that this Court grant it the following relief:

19     1.    Adjudge that LS&Co.'s Tab trademark has been infringed by Ovadia in violation of
20 LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

21     2.    Adjudge that Ovadia has competed unfairly with LS&Co. in violation of LS&Co.'s
22 rights under common law, 15 U.S.C. § 1125(a), and/or California law;

23     3.    Adjudge that Ovadia's activities are likely to dilute LS&Co.'s famous Tab trademark
24 in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

25     4.    Adjudge that Ovadia and its agents, employees, attorneys, successors, assigns,
26 affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any
27 person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the
28 pendency of this action and thereafter permanently from:

        a.    In the manufacturing, producing, sourcing, importing, exporting, selling, buying, offering for sale, distributing, licensing, advertising, or promoting any goods or services, using any words, symbols or designs that so resemble LS&Co.'s Tab trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for LS&Co., including without limitation, the Ovadia Tab, or any other approximation of LS&Co.'s trademarks;

        b.    Using any word, term, name, symbol, device, or combination thereof, including without limitation, the Ovadia Tab, that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Ovadia or its products with LS&Co. or as to the origin of Ovadia's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

        c.    Claiming trademark rights in the Ovadia Tab or any other word, symbol, or design that is confusingly similar to the Tab trademark, including by applying now or in the future for federal registration of trademarks comprising the Ovadia Tab or any other word, symbol, or design that is similar to the Tab trademark;

        d.    Further infringing the rights of LS&Co. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&Co.'s goodwill or business reputation;

        e.    Further diluting the Tab trademark;

        f.    Otherwise competing unfairly with LS&Co. in any manner; and

        g.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5.    Adjudge that Ovadia breached its agreement with LS&Co

6.    Adjudge that Ovadia be required immediately to supply LS&Co.'s counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it

sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this Complaint;

7. Adjudge that Ovadia be required immediately to deliver to LS&Co.'s counsel its entire inventory of infringing products, including without limitation pants, shirts, and any other clothing, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices and other material for producing or printing such items, that are in its possession or subject to its control and that infringe LS&Co.'s trademarks as alleged in this Complaint;

8. Adjudge that Ovadia, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

9. Adjudge that LS&Co. recover from Ovadia its damages and lost profits, and Ovadia's profits, in an amount to be proven at trial, as well as punitive damages under California law; and damages due to LS&Co. as a result of the terms of the parties' settlement agreement;

10. Adjudge that Ovadia be required to account for any profits that are attributable to its illegal acts, and that LS&Co. be awarded (1) Ovadia's profits and (2) all damages sustained by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

11. Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be trebled;

12. Order an accounting of and impose a constructive trust on all of Ovadia's funds and assets that arise out of its infringing, dilutive, and/or breaching activities;

13. Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

14. Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| Dated:  February 12, 2021 | Respectfully submitted,<br><br>KILPATRICK TOWNSEND & STOCKTON LLP<br><br><br>By: /s/Ryan T. Bricker<br>         Ryan T. Bricker<br><br>Attorneys for Plaintiff<br>LEVI STRAUSS & CO. |

## DEMAND FOR JURY TRIAL

Levi Strauss & Co. demands that this action be tried to a jury.

| | |
|---|---|
| Dated:  February 12, 2021 | Respectfully submitted,<br><br>KILPATRICK TOWNSEND & STOCKTON LLP<br><br><br>By: /s/Ryan T. Bricker<br>         Ryan T. Bricker<br><br>Attorneys for Plaintiff<br>LEVI STRAUSS & CO. |

74489520V.1